IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:17-CR-154-6H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| DARRIEL SCOTT, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion for compassionate release [DE ##449, 457]. Defendant has filed a sealed exhibit in support of his motion [DE #458]. The government has responded in opposition [DE #464], and defendant has replied [DE #465]. The government also filed a Notice of Subsequently Decided Authority [DE #475]. This matter is ripe for adjudication.

### BACKGROUND

Defendant, who is 55 years old, moves for compassionate release based on the COVID-19 pandemic and his significant underlying health conditions.

On November 5, 2018, defendant pled guilty to conspiracy to knowingly and intentionally distribute and possess with the intent to distribute 5 kilograms or more of cocaine. On February 12,

2019, this court sentenced defendant to a total term of 60 months imprisonment to be followed by five years of supervised release. Defendant, who had been on release pending sentencing, was allowed to self-report on August 21, 2019 due to having a kidney transplant on February 21, 2019.

**COURT'S DISCUSSION**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . .

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original)(citation omitted).

The government does not challenge that defendant has met the exhaustion requirement. Defendant requested compassionate release from the Warden on April 25, 2020 and May 5, 2020, and the requests were denied on August 24, 2020. The court can consider defendant's

3

motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Further, the government does not challenge that defendant suffers from underlying medical conditions that make him more susceptible to COVID-19 infection, but argues the 3553(a) factors weigh against compassionate release.

As to defendant's underlying medical conditions, Mr. Scott received a kidney transplant on February 21, 2019 and must take immunosuppressant medications so that his body does not reject the kidney. Specifically, these medications include Tacrolimus, Valganciclovir, Mycophenolate, and Prednisone. He suffers from chronic kidney disease, diabetes, and hypertension. He is prescribed insulin for his diabetes. In 2010, he suffered a heart attack and had triple bypass surgery. If released, he contends he would have the ability to social distance and seclude himself from others to adequately protect himself. Mr. Scott's serious medical conditions plus his taking immunity-suppressing medications make him particularly vulnerable to severe complications or death if he contracts COVID-19. Therefore, he has shown an extraordinary and compelling reason for compassionate release.

4

Turning to the 3553(a) factors, Mr. Scott has a good work history and a short criminal history. He began working at eight years old when his mother passed away and he and his siblings unfortunately had to work to support themselves. As an adult, he worked for hotels, construction companies, and as an auto mechanic. In the BOP, he works as a compound orderly. He has had no disciplinary issues in the BOP.

Defendant was a minor participant in the criminal activity with which he was charged, as reflected in the downward adjustment he received at sentencing. [DE #344, ¶56.]

His criminal history comprises two convictions for fictitious registration card and possession of marijuana. He did not serve active prison time for either. Therefore, the time he has served on his current sentence is the longest sentence he has ever served. He previously completed probation in state court and was successful on pretrial release in the instant case. The court allowed him to self-report to the BOP more than six months following his sentencing. He is subject to a five-year term of supervised release upon his release from incarceration. Given all these factors, and in combination with his extensive medical issues and the COVID-19 pandemic, a sentence of time served is sufficient, but not greater than necessary, to meet the goals of sentencing.

The court finds that defendant has exhausted his administrative remedies, has presented extraordinary and

5

compelling reasons justifying his release, and that the 3553(a) factors and his post-sentencing conduct weigh in favor of release. In conclusion, the court finds that when the record in this matter is viewed as a whole, Mr. Scott has met his burden for compassionate release under 18 U.S.C. § 3582.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendant's motion for compassionate release is GRANTED. Defendant's sentence of imprisonment as reflected in the judgment dated February 12, 2019, is REDUCED to time served. Defendant's special conditions of supervision as reflected in the judgment are MODIFIED by the addition of the following:

> The defendant shall abide by all conditions and terms of the home detention program for a period of 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by probation officer. The United States Probation Office shall install the monitoring equipment within one week of the defendant's release from imprisonment.

All other provisions of the February 12, 2019, judgment shall remain in effect. The BOP may delay defendant's compassionate release up to 14 days for quarantine purposes.

This 15th day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26